NICHOLAS A. TRUTANICH
United States Attorney
Nevada Bar Number 13644
RACHEL KENT
Special Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: 702.388.6551 / Fax: 702.388.6418
rachel.kent@usdoj.gov
*Attorneys for the United States*

FILED
2019 DEC 31
U.S. MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW MICHAEL HANSEN,<br><br>Defendant. | Case No. 2:19-mj-00969-DJA<br><br>**COMPLAINT** for violation of:<br><br>Operating a Vessel in a Negligent Manner (36 C.F.R. § 3.8(b)(8));<br><br>Failure to Maintain a Proper Lookout (36 C.F.R. § 3.2(a), 33 C.F.R. 83.05);<br><br>Failure to follow Mandatory State Boater Education Requirement (36 C.F.R. § 3.6(c), N.R.S. 488.730(3)) |

BEFORE the United States Magistrate Judge, Las Vegas, Nevada, the undersigned complainant, being first duly sworn, states that:

### COUNT ONE
*Operating a Vessel in a Negligent Manner*
**(36 C.F.R. § 3.8(b)(8))**

On or about July 2, 2019, in the State and Federal District of Nevada, within the boundaries of the Lake Mead National Recreation Area, **MATTHEW MICHAEL HANSEN**, defendant herein, operated a 2018 Pontoon Boat bearing Nevada registration NV2449LC, in a negligent manner, by failing to exercise that degree of care which a reasonable person, under like circumstances, would demonstrate in order to prevent the endangering of the life, limb, or property of a person through **HANSEN**'s lack of

knowledge, inattention, or general carelessness, to wit: **HANSEN** was operating said vessel and collided with an individual in the water who was identified as L.B., causing injury; L.B. and other individuals were in the water attempting to push the vessel away from the shoreline when **HANSEN** put the vessel under power and maneuvered in a manner which caused the vessel propeller to strike L.B.; the vessel was a rental from the Las Vegas Boat Harbor Marina and it was found that **HANSEN** was not the principle lessee, nor was he listed on the lease agreement as an additional driver of the vessel; **HANSEN** had not watched the boating safety video provided by the marina nor had he successfully completed a course in safe boating as required under Nevada state law for a state resident of his age; **HANSEN** stated that he had about 50-100 hours experience operating vessels however he had not operated a vessel for about a year prior to the accident; **HANSEN** admitted that he had never operated a pontoon boat; all in violation of Title 36, Code of Federal Regulations, Section 3.8 (b)(8).

## COUNT TWO
*Failure to Maintain a Proper Lookout*
**(36 C.F.R. § 3.2(a); 33 C.F.R. § 83.05)**

That on or about July 2, 2019, in the State and Federal District of Nevada, **MATTHEW MICHAEL HANSEN**, defendant herein, operated a 2018 Pontoon Boat bearing Nevada registration NV2449LC, and failed to maintain a proper look-out by sight and hearing as well as by all available means appropriate in the prevailing circumstances so as to make a full appraisal of the situation and of the risk of collision, to wit: **HANSEN** was operating said vessel and collided with an individual in the water who was identified as L.B., causing injury; L.B. and other individuals were in the water attempting to push the vessel away from the shoreline when **HANSEN** put the vessel under power and

maneuvered in a manner which caused the vessel propeller to strike L.B.; all in violation of Title 36, Code of Federal Regulations, Section 3.2(a); Title 33, Code of Federal Regulations, Section 83.05.

## COUNT THREE
### *Failure to follow Mandatory State Boater Education Requirement*
### (36 C.F.R. § 3.6(c), N.R.S. 488.730(3))

That on or about July 2, 2019, in the State and Federal District of Nevada, within the boundaries of the Lake Mead National Recreation Area, **MATTHEW MICHAEL HANSEN**, defendant herein, operated a 2018 Pontoon Boat bearing Nevada registration NV2449LC, having not successfully completed a course in safe boating that is approved by the National Association of State Boating Law Administrators nor passed any approved proficiency examination, to wit: **HANSON** operated said vessel and was involved in an accident; a standard computer records check confirmed that **HANSON** is a Nevada resident and was born after January 1, 1983; **HANSON** admitted to rangers, who were investigating the accident, that he had not completed a Boater Education Course as required under Nevada law for anyone born on or after January 1, 1983; all in violation of Title 36, Code of Federal Regulations, Section 3.6(c), and Nevada Revised Statute 488.730(3).

Complainant, as and for probable cause, states the following:

1. Complainant is a Park Ranger with the National Park Service, Lake Mead National Recreation Area, Clark County, Nevada, and has been employed as a law enforcement officer for over 20 years.

2. The following information is the result of either complainant's own personal investigation or has been provided by other law enforcement officers:

3

1    (a)   On July 2, 2019, National Park Service Rangers Charles Otto and
Jonathan Cummings were on routine patrol within the boundaries of the Lake Mead
National Recreation Area, Clark County, Nevada.

(b)   Rangers Otto and Cummings responded to investigate a vessel
accident with injuries which occurred at Sandy Cove.

(c)   Rangers Otto and Cummings arrived at Sandy Cove and located the
2018 Bennington Half Admiral 24'4" pontoon boat bearing Nevada registration
NV2449LC and hull identification number (HIN) ETWF92442D818. A standard computer
records check showed that the vessel was currently registered to the Las Vegas Boat Harbor
INC. It was a rental vessel from the Las Vegas Boat Harbor Marina.

(d)   The injured party was identified as L.B., who received medical
attention for multiple lacerations to her body associated with being struck by a propeller.
She was transported by vessel to the Callville Bay Marina where she was transferred to a
medical helicopter and further transported to the University Medical Center in Las Vegas.

(e)   Ranger Otto made contact with the vessel operator who was
identified as **MATTHEW MICHAEL HANSEN** through a valid Nevada driver's license
and a standard computer records check. In response to being asked whether he had
consumed any alcohol, **HANSEN** stated that he had "one drink" earlier in the day prior to
operating the vessel. **HANSEN** consented to provide a breath sample for a preliminary test
on a portable breath testing machine. The result of this test was .00 percent by weight of
alcohol.

(f)   **HANSEN** admitted to operating the vessel at the time of the accident.
**HANSEN** stated that the vessel was parallel to the shoreline and the engine was "trimmed
up" meaning that it was lifted up out of the water. **HANSEN** said that the goal was to

4

"beach the boat." While **HANSEN** was operating the vessel there was a group of people in the water attempting to push the vessel away from shore. **HANSEN** said that at one point someone told him to lower the propeller. He then lowered the propeller into the water and started the motor. **HANSEN** said that he heard someone say something like "all aboard," or "everyone on board." **HANSEN** stated that his intent was to operate the vessel out of the cove and then come back into the cove and beach the vessel straight on to the shoreline. **HANSEN** detailed the procedure to Ranger Otto, stating that he first lowered the engine into the water and then started the engine which was in neutral while being pushed away from shore. **HANSEN** stated that he then turned the steering wheel all the way to the right and put the throttle at about ¼ power. The waves and wind started to push the vessel back towards the rocks, so he put the engine at full throttle. **HANSEN** said when he heard someone yell stop, he put the engine back into neutral.

(g)    Along with the victim L.B., there were about eight other individuals associated with the vessel who were either on board or in the water pushing it away form the shoreline. One individual, identified as J.S., stated that he was in the water at about the middle of the vessel on the port (left) side. He was attempting to push the vessel away from the shoreline and L.B. was standing next to him closer to the bow (front) of the vessel. J.S. stated that it appeared L.B. was sucked under the vessel and that he recalled her floating past him at his feet. Another individual, identified as A.S., stated that he was in the water near the stern (back) of the vessel on the port (left) side attempting to push the vessel away from shore. A.S. said that the engine dropped into the water as the vessel was clear of the people who were on the starboard (right) side. He stated that L.B. had been on the port (left) and by the bow (front) of the vessel as they were pushing it away from shore. A.S.

1  stated that he next recalled seeing L.B. at the back of the vessel with her swimsuit stuck in

2  the propeller and he had to hold her head above water so she could breathe.

3       (h)   On about July 3, 2019, Ranger Otto met with L.B. in the Intensive

4  Care Unit at the University Medical Center in Las Vegas. L.B. stated that she was standing

5  at the front of the vessel as they were attempting to push it away from shore. L.B. was

6  about waist deep in the water when she felt that she lost her footing. She remembered going

7  face first towards the engine but was able to spin around. She then remembered people

8  assisting her and providing medical care to her injuries.

9       (i)   Ranger Otto's investigation found that **HANSEN** was not listed on

10  the boat rental agreement. He was not the principle lessee nor was he listed as one of the

11  additional drivers of the vessel. By signing the lease agreement, the principal lessee and any

12  additional drivers are stating that they have viewed the boating safety video provided by the

13  marina and will follow all boating regulations and will boat safely. An additional part of

14  the lease agreement is the boating education requirement affidavit. By signing the affidavit,

15  you are stating that you have met all boating education and other requirements of your

16  state or county of residence. **HANSEN**'s name did not appear on this section of the rental

17  agreement either. **HANSEN** is a resident of Boulder City Nevada within Clark County.

18  **HANSEN** was born after January 1, 1983, and is required under Nevada state law (N.R.S.

19  488.730(3)) to have successfully completed a course in safe boating that is approved by the

20  National Association of State Boating Law Administrators in order to legally operate a

21  vessel.

22       (j)   On July 5, 2019, Ranger Otto conducted a telephone interview with

23  **HANSEN**. **HANSEN** described himself as "kind of experienced" with boats. He grew up

24  around boats but had not been on a boat in about a year. He stated that in his lifetime he

6

1  had about 50 to 100 hours of boating experience. **HANSEN** stated that he had never
2  operated a pontoon boat and also stated that he did not have a boater's education card,
3  therefore had not completed the required safe boating course in Nevada.

_____
CHRIS RAYNOLDS, Park Ranger
National Park Service

SUBSCRIBED and SWORN to before me
this __31__ day of December, 2019.

_____
HONORABLE CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE