NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada Bar Number 13644
RACHEL KENT
Special Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: 702.388.6270 / Fax: 702.388.6418
Rachel.kent@usdoj.gov
*Attorneys for the United States*

```
_____ FILED           _____ RECEIVED
_____ ENTERED         _____ SERVED ON
              COUNSEL/PARTIES OF RECORD

         AUG -5 2020

    CLERK US DISTRICT COURT
      DISTRICT OF NEVADA
BY:_____ DEPUTY
```

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:19-mj-00969-VCF |
| Plaintiff, | **Petty Offense Plea Agreement** |
| v. | |
| MATTHEW MICHAEL HANSEN, | |
| Defendant. | |

1. **Defendant's Guilty Plea.**

    a. The Defendant, Matthew Michael Hansen (the "Defendant") shall plead guilty to **Count Two** of the Complaint – Failure to Maintain a Proper Lookout, a violation of Title 36 C.F.R. § 3.2(a), 33 C.F.R. § 83.05, a Class B misdemeanor.

    b. Withdrawal of Guilty Plea. The Defendant will not seek to withdraw his guilty plea after he has entered it in court.

2. **Other Charges.** The Government will dismiss **Count One** – Operating a Vessel in a Negligent Manner, a violation of Title 36 C.F.R. § 3.8(b)(8); and **Count Three** – Failure to follow Mandatory State Boater Education Requirement, a violation of Title 36, C.F.R. § 3.6(c), N.R.S. 488.730(3), after sentencing.

3. **Facts Supporting Plea Agreement.** The Defendant admits and declares under penalty of perjury that the facts set forth below are true and correct:

> On July 2, 2019, in the State and Federal District of Nevada, within the boundaries of the Lake Mead National Recreation Area, the Defendant operated a 2018 Pontoon Boat bearing Nevada registration NV2449LC. A National Park Service law enforcement ranger, while on patrol within the boundaries of the Lake Mead National Recreation Area, responded to a vessel accident with injuries at Sandy Cove. The ranger arrived on the scene and located the above-referenced vessel. The injured party received medical attention and was transported to the University Medical Center in Las Vegas. The ranger made contact with the defendant at the scene. The Defendant admitted to operating the vessel at the time of the accident. While operating the above-referenced vehicle, the Defendant failed to maintain a proper lookout at all times by sight and hearing as well as by all available means appropriate normal circumstances and conditions so that he could make a full determination of the situation

4. **Sentencing.**

   a. The maximum penalty for Failure to Maintain a Proper Lookout, a violation of Title 36 C.F.R. § 3.2(a), 33 C.F.R. 83.05, is six months of imprisonment, a fine of $5,000, or both.

   b. The Defendant acknowledges that the district court does not have to follow the recommendation of either party.

   c. The parties agree to jointly recommend that the Defendant shall be sentenced to unsupervised probation for a period of one year with special conditions, to include that:

   > i. the Defendant complete a Victim Impact Panel;
   >
   > ii. the Defendant must complete a boating safety course;
   >
   > iii. the Defendant not return to Lake Mead National Recreation Area for a period of six months;
   >
   > iv. the Defendant not violate any local, state, or federal laws.

2

     d.    Notwithstanding its agreement to recommend a sentence as described above, the USAO reserves its right to defend any lawfully imposed sentence on appeal or in any post-conviction litigation.

     e.    Once the defendant has completed all the required conditions of this plea agreement, the parties will file a joint status report with the Court.

5.   **Waiver of Trial Rights.** The Defendant acknowledges that he has been advised and understands that by entering a plea of guilty he is waiving – that is, giving up – certain rights guaranteed to all defendants by the laws and the Constitution of the United States. Specifically, the Defendant is giving up:

     a.    the right to persist in a plea of not guilty;

     b.    the right to proceed to trial by a federal judge;

     c.    the right to be represented by counsel—and if necessary have the court appoint counsel—at trial. The Defendant understands, however, that, the Defendant retains the right to be represented by counsel—and if necessary have the court appoint counsel—at every other stage of the proceeding;

     d.    the right to be presumed innocent and to have the burden of proof placed on the USAO to prove the Defendant guilty beyond a reasonable doubt;

     e.    the right to confront the witnesses against the Defendant at such a trial and to cross-examine them;

     f.    the right to remain silent at such a trial, with assurance that his silence could not be used against him in any way;

     g.    the right to testify in his own defense at such a trial if he so chooses;

     h.    the right to compel witnesses to appear at such a trial and testify on the Defendant's behalf; and

        i.    the right to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and any other pretrial motions that have been filed or could be filed.

     6.    **Appellate Waiver.** By entering into this Agreement, the Defendant knowingly and expressly waives: (a) the right to appeal the sentence imposed by the Court that is the same or less than what the parties jointly agree to recommend in Section 4 of this Agreement; (b) the right to appeal the manner in which the Court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal any other aspect of the conviction or sentence and any order of restitution or forfeiture. The Defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence, and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

        j.    <u>Preservation of Evidence</u>: the Defendant acknowledges that the USAO and the agencies investigating this case are not obligated or required to preserve any evidence obtained in the investigation of this case.

     7.    **Result of withdrawal of guilty plea.** The Defendant agrees that if, after entering a guilty plea pursuant to this agreement, the Defendant seeks to withdraw and succeeds in withdrawing the Defendant's guilty plea on any basis other than a claim and finding that entry into this agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of the Defendant's signing of this agreement and the filing commencing any such action; and (ii) the Defendant

waives and gives up all defenses based on the statute of limitations or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

8. **Plea agreement part of the guilty plea hearing.** The parties agree that this agreement will be considered part of the record of the Defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

9. **Removal / Deportation Consequences.** The Defendant understands and acknowledges that if he is not a United States citizen, then it is possible that he will be permanently removed (deported) from the United States as a consequence of pleading guilty under the terms of this agreement. The Defendant has also been advised if his conviction is for an offense described in 8 U.S.C. § 1101(a)(43), he will be deported and removed from the United States and will not be allowed to return to the United States at any time in the future. The Defendant desires to plead guilty regardless of any immigration consequences that may result from his guilty plea, even if the consequence is automatic removal from the United States with no possibility of returning. The Defendant acknowledges that he has specifically discussed these removal / deportation consequences with his attorney.

///

///

///

///

///

///

///

10. **Knowing and voluntary plea.** The Defendant acknowledges that that he has read this agreement and the Defendant understands its terms and conditions. The Defendant further acknowledges that he has had (i) adequate time to discuss the terms of this agreement with his attorney; (ii) has carefully and thoroughly discussed the terms of this agreement with his attorney; (iii) understands the terms of this agreement and voluntarily agrees to them.

NICHOLAS A. TRUTANICH
United States Attorney

DATE_____

RACHEL KENT (Affiliate)
Digitally signed by RACHEL KENT (Affiliate)
Date: 2020.08.05 09:03:54 -07'00'

RACHEL KENT
Special Assistant United States Attorney

DATE July 28, 2020

//s// Andrew Wong

ANDREW WONG, AFPD
Counsel for the Defendant

DATE 7/28/20

MATTHEW MICHAEL HANSEN
Defendant

6